UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JEFFERY COMBS,                          )
                                        )
            *Petitioner,*                )
                                        )
v.                                      )          No.  2:17-CV-131-RLJ
                                        )
RANDY LEE, Warden,                      )
                                        )
            *Respondent.*                )

## MEMORANDUM OPINION

Jeffery Combs ("Petitioner") filed this pro se application for a writ of habeas corpus under

28 U.S.C. § 2254 [Doc. 1], and a supporting brief [Doc. 2], challenging the constitutionality of his

confinement under a state court judgment convicting him of eighteen counts of forgery and one

count of theft [*Id.*].  Respondent submitted a motion to dismiss, a supporting brief, and relevant

parts of the state court record [Docs. 5, 5-1, 5-2].  Respondent argues that the case should be

dismissed because Petitioner has failed to exhaust his state court remedies.  Petitioner did not file

a reply, and the time for doing so has passed.  *See* E.D. Tenn. L.R. 7.1(a).  The lack of a response

to Respondent's motion to dismiss is deemed a waiver of any objection to the motion.  *See* E.D.

Tenn. L.R. 7.2.  For the reasons that follow, the motion will be **GRANTED** and the petition will

be **DISMISSED** without prejudice.

## I.      PROCEDURAL HISTORY

On February 26, 2014, after conviction by a jury in the Criminal Court for Sullivan County,

Petitioner was sentenced to 12 year's imprisonment [Doc. 1 pp. 1-2].  Petitioner filed an appeal to

the Tennessee Court of Criminal Appeals [*Id.* at 2].  The appeal was denied by the state appellate

court and, thereafter, the Tennessee Supreme Court denied Petitioner permission for further appeal.

*State v. Combs*, No. E2014-01175-CCA-R3-CD, 2015 WL 2400793, at *1 (Tenn. Crim. App. May 20, 2015), *perm. app. denied* (Tenn. Sept. 17, 2015). Petitioner then filed an amended petition for post-conviction relief on July 21, 2016, which is awaiting an evidentiary hearing and ultimate disposition by the trial court [Doc. 1 at 4].

On July 30, 2017 (under the prison mailbox rule[1]), Petitioner filed this federal habeas corpus petition, charging that his state post-conviction proceedings had been unreasonably and unnecessarily delayed [*Id.*]. The Court infers that Petitioner is alleging that the delay in holding an evidentiary hearing and resolving his state collateral petition constitutes a circumstance that renders his post-conviction remedy "ineffective" to protect his rights and, thus, excuses him from the requirement that he exhaust all available state remedies before he files a § 2254 petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (b)(1)(B)(ii).

## II.    DISCUSSION

The rule that governs this issue is clear:  A petitioner who seeks habeas relief from an alleged unconstitutional conviction must first  exhaust his available state court remedies by fairly presenting all his claims to the state courts.    28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982).   A claim is exhausted if it has been pursued at each level of state court review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).  A federal district court must dismiss a mixed habeas petition–one that contains both exhausted and unexhausted claims. *Pliler v. Ford*, 542 U. S. 225, 230 (2004)).  However, an inordinate delay on the part of the state in adjudicating state court claims can qualify for an exception to the exhaustion requirement.  *See Phillips v. White*, 851 F.3d 567, 576 (6th Cir. 2017) (citing

---

[1] The prison mailbox rule announced in *Houston v. Lack*, 478 U.S. 266, 276 (1988), deems an inmate's submission to be filed on the date it is delivered properly to prison officials for mailing to the district court.

*Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992), for its holding that a four-year delay qualifies for the exception); *see also Turner v. Bagley*, 401 F.3d 718, 725-26 (6th Cir. 2005) (excusing exhaustion where an appeal was pending in state court almost eleven years without "meaningful attention" despite prisoner's frequent requests to process his appeal). On the other hand, federal courts have been reluctant to waive exhaustion because of short delays in state court proceedings. *Wright v. Dutton*, No. 92-6001, 1993 WL 69503, at *2 (6th Cir. Mar. 12, 1993) (finding that an 11-month delay was insufficient for a waiver of exhaustion) (listing cases).

The § 2254 petition offers two general grounds for relief, insufficient evidence and ineffective assistance of counsel [Doc. 1 at 5-6]. The first ground was raised in Petitioner's direct appeal and the second in his post-conviction petition, which remains pending in the state trial court [*Id.* at 2-3, 7].

To his motion to dismiss, Respondent has attached copies of documents filed in Petitioner's post-conviction case that were obtained from Sullivan County's Online Court Records System [Docs. 5-2 and 5-3]. Those documents show that an evidentiary hearing was scheduled in Petitioner's post-conviction proceedings on December 14, 2017 [*Id.*]. The setting of the evidentiary hearing, that the Court assumes has been held, absent any information to the contrary, convinces the Court that the Petitioner has secured "meaningful attention" to his post-conviction case and that the delay in setting such a hearing does not and did not render his resort to the state corrective process futile. 28 U.S.C. § 2254(b)(1)(B)(ii).

Absent an exception, which has not be shown to apply in this case, a federal court cannot grant a state prisoner's petition for a writ of habeas corpus, unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254(b)(1). Indeed, the state "shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement

unless the [s]tate, through counsel, expressly waives the requirement." 2 8 U.S.C. § § 2254(

(b)(3). Here, Respondent has not waived the exhaustion requirement, but, instead, has moved the

Court to dismiss the petition and expressly has asserted a failure-to-exhaust defense. Under these

circumstances, Petitioner does not present a valid case for waiving the exhaustion requirement.

## III.  CONCLUSION

For the above reasons, Respondent's motion to dismiss will be **GRANTED** [Doc. 5], and

this petition for a writ of habeas corpus [Doc. 1] will be **DISMISSED** without prejudice for

Petitioner's failure to exhaust his state court remedies.

## IV.  CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA). A

petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be

issued only where the applicant has made a substantial showing of the denial of a constitutional

right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been denied on a procedural basis

must demonstrate that reasonable jurists would debate the correctness of a court's procedural

rulings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86

(6th Cir. 2001). Because reasonable jurists could not disagree with the resolution of this petition,

the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**A SEPARATE ORDER OF DISMISSAL WILL ENTER.**

**ENTER:**

ENTER:

_____
s/ Leon Jordan
United States District Judge

4